Dear Mr. Owens:
You advise that some years ago an employee of your office retired having selected the third retirement option available to him under R.S.11:1423. This option allowed the retired employee's surviving spouse to draw one half of his reduced retirement allowance upon his death. R.S.11:1423 pertinently provides:
§ 1423. Mode of payment; options; effective date
 A. Upon application for normal retirement, any participant may elect to receive his benefit in a retirement allowance payable throughout life, or he or she may elect at that time to receive the actuarial equivalent of his retirement allowance in a reduced retirement payable throughout life with the following options:
 OPTION 3 Upon the member's death, one-half of his or her reduced retirement allowance shall be continued throughout the life of and paid to his or her surviving spouse, upon written designation by the member duly acknowledged and filed with the board of trustees at the time of his retirement. (Emphasis added).
After this employee retired, he and his wife were divorced. The wife remarried, while the retired employee never remarried. Your specific question is: May his ex-spouse still draw the one-half retirement benefit allowed by the third option of R.S. 11:1423 upon the retiree's death?
We conclude that the ex-spouse is not a "surviving spouse" for purposes of R.S. 11:1423 and not entitled to benefits allowed by R.S. 11:1423. Our conclusion is based upon the statutory definition of "surviving spouse" as "a person who is legally married to a member of the system and living with the member at the time of his death". See R.S. 11:1402(7) of the definitional section pertaining to the Assessors Retirement Fund.
However, you state in your letter to this office that "the retirement issue should have been resolved at the time of the divorce and the community property settlement". Note that it is well settled in Louisiana that a former spouse is entitled to a pro rata share of the retirement benefits of a member spouse to the extent the retirement benefits were attributable to the former community. See Bordes vs.Bordes, 730 So.2d 443 (La. 1999). This office cannot make factual determinations with respect to retirement benefits to which an ex-spouse might be entitled as part of the former community. You may wish to seek the advice of those who administer the Assessors' Retirement Fund at the Board of Trustees of the Assessors Retirement Fund, Post Office Box 14699, Baton Rouge, LA 70898-4699, phone number 225-928-8886.
Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: November 21, 2002